## J. K. POYNTER, ETC., *v.* SEYMOUR HARDING.

**Ejectment—Title of Plaintiff.**

To entitle plaintiff in ejectment to recover he must connect himself with the commonwealth by an unbroken chain of paper title, or show title by adverse possession.

**Ejectment—Title—Evidence.**

The evidence was held not to show title in plaintiff.

APPEAL FROM GREENUP CIRCUIT COURT.

January 30, 1873.

OPINION BY JUDGE LINDSAY:

The proceeding against the McAllisters was abandoned when their demurrer was sustained. The suit from that time forward, although prosecuted on the equity side of the docket, must be regarded as an action in ejectment. Conceding the petition to be good, the answer raises the issue as to whether the title and the right of possession to the land described was in appellee.

To recover, it was necessary either that he should connect himself with the commonwealth by an unbroken chain of paper title, or else establish such an actual adverse possession on the part of himself and those under whom he claims as to invest him with the legal title to the land. No other paper title is shown than the deed from McAllister, executed in 1864.

As to the matter of possession, the evidence conduces to show that Poynter, and those from whom he purchased, were all the while asserting claim to the land, and exercising over it something like the same kind of ownership and control that was being exercised by the McAllisters.

The preponderance of the evidence is rather in favor of the conclusion that Gill entered on the land, and held as the tenant of Poynter. The land was certainly held adversely to the McAllisters in 1864, when the conveyance was made to Harding, and he virtually concedes that fact in his petition.

It seems to us that Harding not only failed to show title in himself, but that the plea of champerty is sustained by the proof.

Wherefore the judgment is reversed and the cause remanded with instructions to dismiss appellee's petition.

*Phister, for appellants.*

*Dulin, for appellee.*